UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DARRYL REID                                              CIVIL ACTION

VERSUS                                                   NO. 13-6080

TRANSOCEAN OFFSHORE                                      SECTION "I" (2)
DEEPWATER DRILLING, INC.

## ORDER AND REASONS ON MOTION

Defendant's Motion to Quash Subpoena Issued to David Gautreaux c/o Shuman Consulting, Record Doc. No. 16, is currently pending before me in this matter. Plaintiff filed a timely written opposition memorandum. Record Doc. No. 17.

Having considered the written submissions of the parties, the record and the applicable law, **IT IS ORDERED** that defendant's motion is GRANTED IN PART AND DEFERRED IN PART as follows.

The motion is granted as to Items Nos. 1 and 2 of Exhibit "A" to the subpoena duces tecum. Record Doc. Nos. 16-2 at p. 3. All objections are overruled, except that the objection concerning the amount of time provided in the subpoena for production of the materials requested in these two items is sustained because it was unreasonably short. Accordingly, **IT IS ORDERED** that the subpoena is modified as to Items Nos. 1 and 2 of Exhibit "A" to require instead that the subpoena recipient must produce to plaintiff's counsel all materials in his possession, custody or control that are responsive to these two items of the subpoena no later than **May 12, 2014**.

The motion is deferred as to the materials described in Items Nos. 3 and 4 of Exhibit "A" to the subpoena, as to which defendant/movant has asserted attorney-client privilege and/or work product objections. The current record provides only the unsubstantiated argument of counsel as to these objections and fails at this time to provide me with the <u>evidence</u> required to decide this part of the motion.

A party resisting discovery bears the burden of <u>proof</u> to demonstrate the existence of any privilege or work product protection in the materials.  <u>United States v. Newell</u>, 315 F.3d 510, 525 (5th Cir. 2002); <u>In re Santa Fe Int'l Corp.</u>, 272 F.3d 705, 710 (5th Cir. 2001); <u>Hodges, Grant & Kaufman v. United States</u>, 768 F.2d 719, 721 (5th Cir. 1985); <u>Ingraham v. Planet Beach Franchising Corp.</u>, No. 07-3555, 2009 WL 1076717, at *1 (E.D. La. Apr. 17, 2009) (Berrigan, J.); <u>Kiln Underwriting Ltd. v. Jesuit High Sch.</u>, No. 06-04350, 2008 WL 108787, at *4-5 (E.D. La. Jan. 9, 2008) (Roby, M.J.) (citing <u>Hodges</u>, 768 F.2d at 721); <u>United States v. Impastato</u>, No. 05-325, 2007 WL 2463310, at *2 (E.D. La. Aug. 28, 2007) (Duval, J.) (citing <u>United States v. Harrelson</u>, 754 F.2d 1153, 1167 (5th Cir. 1985); <u>United States v. Kelly</u>, 569 F.2d 928, 938 (5th Cir. 1978)).

> Once the proponent has properly asserted the privilege claim and the requisite information about the allegedly privileged document provided to the opponent, <u>the proponent must substantiate all actual assertions</u> about the claim.  This is usually done through <u>supporting affidavits from individuals with personal knowledge of the relevant facts, exhibits attached to the motion and briefs</u>, discovery responses, pleadings and other undisputed facts. . . .  To the extent that <u>evidentiary support for the factual basis of the privilege is not forthcoming</u>, the claim is little more than a bald, conclusory, or ipse

> dixit assertion. The court will deny such an assertion because it forecloses meaningful independent inquiry by the finder of facts (the judge) into the validity of the claim. . . . Although an attorney's word may be "taken on its face," a privilege claim is not self-executing. It requires more proof than a conclusion by the party asserting the claim (or his attorney) that it is justified.

P. Rice, Attorney-Client Privilege in the United States § 11:10 at 977-80 (Lawyers Cooperative 1993) (emphasis added). No proof has been submitted by defendant in support of its work product or privilege claims; e.g. whether the materials were made in anticipation of litigation or to assist counsel in trial preparation, as opposed to some other non-protected purposes, such as regulatory compliance, safety enhancement or other ordinary course of business function; or whether they were communications made in the attorney-client privilege context. Proof – not mere lawyer argument – is required to determine if the withheld materials are privileged, work product, Rule 26(b)(3) material or otherwise protectable from discovery.

In addition, even if defendant establishes the application of privilege or work product doctrine as to the requested discovery, I cannot determine on the current record whether plaintiff can make the required Rule 26(b)(3)(A)(ii) showing or establish some privilege exception or waiver that would nevertheless make the subpoenaed materials discoverable.

Accordingly, **IT IS ORDERED** that no later than **May 12, 2014**, defendant must file a supplemental memorandum in support of its motion, (a) supported by any evidence,

in <u>affidavit</u> form or otherwise verified, sufficient to establish the asserted grounds for protection of the materials from discovery, and (b) produce only to the court for my in camera review the identified materials that defendant is withholding from production on work product, Rule 26(b)(3) or privilege grounds.

**IT IS FURTHER ORDERED** that plaintiff must file his response to defendant's submission, including any necessary evidence to make the Rule 26(b)(3)(A)(ii) showing, no later than **May 19, 2014**. Thereafter, the deferred portion of this motion will be decided on the record without further briefing or oral argument.

New Orleans, Louisiana, this ___2nd___ day of May, 2014.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE